IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER EARL COLEY,            )
                             )
        Plaintiff,           )
                             )
        v.                   )      1:20CV357
                             )
JASON GOLKINLLICE,           )
                             )
        Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a Letter in which he indicates that he seeks to raise a civil rights claim pursuant to 42 U.S.C. § 1983. He also references an earlier case he filed in this Court, 1:19CV724, but that case was dismissed and is closed. Out of an abundance of caution, the Court treated the current filing as a new case brought under § 1983. Nevertheless, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d). Plaintiff submitted a Letter and also attaches copies of his prior Complaints previously submitted in other cases, but he has not submitted current claims on the proper forms.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.

The Court also notes that, due to prior frivolous filings, Plaintiff cannot proceed *in forma pauperis* unless he can demonstrate imminent danger of serious physical harm. 28 U.S.C. § 1915(g). In his Letter, Plaintiff appears to express confusion over this requirement, stating that Defendant hurt Plaintiff's arm in a past incident, an allegation Plaintiff has attempted to raise in other cases. Plaintiff appears not to understand why this allegation does not qualify as a claim of imminent harm. Imminent means that something is about to happen in the near future. The incident he complains about happened in the past and, therefore, is not about to occur. Therefore, it cannot satisfy the standard of imminent danger. As the Fourth Circuit has explained:

> the requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, <u>not on whether the inmate deserves a remedy for past misconduct</u>. Thus, Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, <u>not a past infraction</u>.

<u>Meyers v. Commissioner</u>, 801 F. App'x 90 (4th Cir. 2020) (internal citations and quotations omitted, emphasis added). Therefore, if Plaintiff seeks to file a claim based on a past incident, he must pay the $400 filing fee. If Plaintiff chooses to file a claim on the proper forms, the Court can consider further whether he has met the required standard.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

2

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of October, 2020.

     /s/ Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:20-cv-00357-TDS-JEP   Document 2   Filed 10/13/20   Page 3 of 3